WRIGHT, Presiding Judge.
This is an appeal from the denial of a motion to set aside a judgment by default entered in a divorce action.
Plaintiff-wife brought an action for divorce, custody of and support for two minor children, and other relief in Montgomery County, Alabama, on January 27,1981. Defendant-husband was served with summons and complaint by registered mail in At- *990 more, Alabama, on February 14, 1981. Defendant, though securing an attorney, failed to answer. Upon motion and testimony taken before a commissioner, judgment after default was entered by the court on March 28, 1981.
Defendant moved to set aside the judgment on April 15, 1981. As grounds therefor he alleged that his failure to answer the complaint was due to the trickery of plaintiff in leading him to believe that there would be a reconciliation and an abandonment of the action.
Defendant first complains that the trial court was in violation of Rule 40(a), A.R. C.P., in setting and hearing a motion to set aside a deed from defendant to plaintiff.
We respond that Rule 40(a) does not apply to hearing of motions but to setting of a trial on the merits after pleading and discovery. We further comment that the motion referred to was not appropriate as it pertained to a matter not previously before the court. There was no reversible error in the action of the court on that motion. For setting and hearing of motions other than post-trial, look to Rule 6, A.R.C.P.
Defendant further charges abuse of discretion in denial of his motion to set aside the judgment of divorce. We find no abuse of discretion and affirm on authority of Brown v. Brown, 374 So.2d 332 (Ala.Civ.App.), cert. denied, 374 So.2d 334 (Ala.1979).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.